UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA ERVIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JO ANNE B. BARNHART, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO. C04-1326-RSL <br><br> REPORT AND <br> RECOMMENDATION |

Plaintiff Patricia Ervin appeals to the District Court from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for Disability Insurance Benefits under Title II of the Social Security Act. For the reasons set forth below, it is recommended that the Commissioner's decision be AFFIRMED.

**I. PROCEDURAL HISTORY**

On January 2, 2001, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging disability beginning April 30, 1995, due to plantar fasciitis

REPORT AND RECOMMENDATION
PAGE - 1

and peripheral neuropathy affecting both feet and hands.[1] Tr. 179-180A, 315. Her application was denied initially and on reconsideration. Tr. 110-113. On July 19, 2002, Plaintiff had a hearing before Administrative Law Judge ("ALJ") Donald P. Krainess. Tr. 34-88. Plaintiff was represented by counsel at the hearing. Both Plaintiff and her husband, William Ervin testified at the hearing. *Id.* Vocational Expert ("VE") Alan Cummings also testified at the hearing. *Id.* On December 24 2002, the ALJ issued an unfavorable decision, finding Plaintiff not disabled and therefore, not entitled to a period of DIB benefits. Tr. 22-33, Findings 11-13. Plaintiff's request for review was denied by the Appeals Council on May 7, 2004 (Tr. 10-12), making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. § 404.981, 416.1481. Plaintiff timely filed her appeal with this Court.

## II.  THE PARTIES' POSITIONS

Plaintiff requests that the Court reverse the ALJ's decision and remand for further administrative proceedings. Plaintiff argues that: 1) the ALJ erred by failing to properly consider the medical opinions of three of Plaintiff's treating physicians, and 2) the Appeals Council failed to properly consider new and relevant evidence submitted after Plaintiff's administrative hearing. Defendant responds that the Commissioner's decision should be affirmed because the ALJ applied correct legal standards and the decision is supported by substantial evidence.

## III.  STANDARD OF REVIEW

The court may set aside the Commissioner's denial of social security disability

---

[1] Plaintiff previously filed three prior applications for disability on January 21, 1997, September 19, 1997, and March 9, 2000, respectively. Tr. 168, 173, 176. These claims were denied and Plaintiff did not request a hearing. Accordingly, Plaintiff's prior applications are not subject to review by this Court.

REPORT AND RECOMMENDATION
PAGE - 2

benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

## IV.  EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423 (d)(1)(A).

The Social Security regulations set out a five-step sequential evaluation process for determining whether claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920. At step one, the claimant must establish that he or she is not engaging in any substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the claimant must establish that he or she has one or more medically severe impairments or combination of impairments. If the claimant does not have a "severe" impairment, he or she is not disabled. *Id.* at § (c). At step three, the Commissioner will

1  determine whether the claimant's impairment meets or equals any of the listed
2  impairments described in the regulations. A claimant who meets one of the listings is
3  disabled. *See Id.* at § (d).
4      At step four, if the claimant's impairment neither meets nor equals one of the
5  impairments listed in the regulations, the Commissioner evaluates the claimant's residual
6  functional capacity and the physical and mental demands of the claimant's past relevant
7  work. *Id.* at § (e). If the claimant is not able to perform his or her past relevant work,
8  the burden shifts to the Commissioner at step five to show that the claimant can perform
9  some other work that exists in significant numbers in the national economy, taking into
10 consideration the claimant's residual functional capacity, age, education, and work
11 experience. *Id.* at § (f); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the
12 Commissioner finds the claimant is unable to perform other work, then the claimant is
13 found disabled.

14     **V. SUMMARY OF THE RECORD EVIDENCE**

15     Plaintiff was 47 years old at the time of the hearing before the ALJ. Tr. 39. She
16 has a high school education. *Id.* She previously worked as a bank teller, a licensing
17 examiner, a waitress, and a daycare provider. Tr. 74-75, 316. Plaintiff last worked in
18 April, 1995. Tr. 40. At the hearing Plaintiff identified the following two reasons for
19 being unable to work: 1) severe foot pain (plantar fasciitis) (Tr. 45-46); and 2) severe
20 pain when things touch her feet, legs, hands, and arms (peripheral neuropathy) (Tr. 54).
21 The evidence relevant to Plaintiff's allegations is incorporated into the discussion below.

22     **VI. THE ALJ'S DECISION**

23     At step one, the ALJ found that Plaintiff had not engaged in substantial gainful
24 activity since her alleged onset of disability. Tr. 23, 32. At step two, he found that

Plaintiff has plantar fasciitis, lower extremity peripheral neuropathy, and right carpal tunnel syndrome, impairments that are severe within the meaning of the Regulations. Tr. 24. However, the ALJ concluded at step three that Plaintiff's impairments neither singly nor in combination meet or medically equal the criteria of any listed impairment described in Appendix 1 of the Regulations (20 C.F.R. Part 404, Subpart P, Appendix 1). Tr. 24, 32.

At step four, the ALJ found that Plaintiff retains the residual functional capacity to lift and/or carry no more than ten pounds at a time; stand and/or walk two hours in an 8-hour workday; and sit six hours in an 8-hour workday. He also found that Plaintiff can occasionally climb ramps and stairs, balance, stoop, kneel, crouch or crawl, but should avoid climbing ladders, ropes and scaffolds. Additionally, plaintiff should avoid concentrated exposure to extreme cold temperatures and avoid moderate exposure to the operation of machinery or to unprotected heights. Tr. 30, 32. The ALJ concluded that Plaintiff is unable to perform any of her past relevant work. *Id.* In reaching this conclusion, the ALJ found that Plaintiff's allegations regarding her limitations are not totally credible. Tr. 29, 32. At step five, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform a significant range of sedentary work. Tr. 32. He found that considering Plaintiff's age, educational background, work experience and residual functional capacity, she is capable of making a successful vocational adjustment to work that exists in significant numbers in the national economy, including employment as an order clerk, information clerk, inspector, and surveillance systems monitor. Tr. 31, 32. Accordingly, the ALJ concluded that Plaintiff had not been disabled at any time through the date of the decision, and she is not entitled to DIB benefits. Tr. 31, 33.

## VII.  DISCUSSION

**A.     <u>Treating Physicians' Opinions</u>**

Plaintiff argues that the ALJ improperly rejected the opinions of three of her treating physicians by failing to give adequate reasons for doing so.  The law requires that special deference be given to the opinion of a treating physician.  Medical conclusions of treating physicians are accorded special weight because the continuity of the physicians' dealings with the claimants allows them to assess the claimants' problems more accurately.  *See Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir. 1987); *Embrey v. Bowen,* 849 F.2d 418, 421-422 (9th Cir. 1988).  And while the ALJ "'is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability . . . he cannot reject them without presenting clear and convincing reasons for doing so.'" *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (quoting *Montigo v. Secretary of Health & Human Servs.*, 729 F.2d 599, 601 (9th Cir. 1984).  However, when the examining physician's opinion is controverted by that of another physician, the ALJ must provide specific, legitimate reasons based on substantial evidence in the record.  *See Andrews,* 53 F.3d at 1043; *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  It is appropriate for the ALJ to note any of the claimant's daily activities which may be inconsistent with the presence of a condition that would preclude work. *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990).

   *1.     Daniel Austin, M.D.*

Daniel Austin, M.D., treated Plaintiff for bilateral plantar fasciitis between June, 1994 and August, 1995.  Tr. 337-59.  In August, 1994, Dr. Austin noted that Plaintiff was starting to work part time and recommended that she stay off her feet ninety percent of the time.  Tr. 357.  On August 26, 1994, Dr. Austin recommended that Plaintiff

remain off of work and off her feet for one more week and to continue part time work two times per week for up to four more weeks. Tr. 356. On July 17, 1995, Dr. Austin noted that, even though Plaintiff was continuing to work full-time at her current job, he felt that given her condition, restrictions should be applied to her job description "with at least ninety percent of her time being spent off her feet in any new employment."

Plaintiff argues that the ALJ did not give Dr. Austin's opinion that Plaintiff can only do part time sedentary work any weight and gave no reason for his failing to do so. By the Court's review and contrary to Plaintiff's assertion, Dr. Austin never opined that she was only able to work half days, rather, he only recommended that she do so for a short period of time. Tr. 356-57. Additionally, the ALJ did consider Dr. Austin's opinion by citing to his July 14, 1995, progress record wherein he recommended "[n]o standing, or significant walking," "[d]esk job would be acceptable," and "[r]estrictions for 1 [month]." Tr. 24, 342. Given the ALJ's ultimate finding regarding Plaintiff's RFC assessment that limits Plaintiff to standing or walking for only two hours in an eight hour day, it is clear that the ALJ gave considerable weight to Dr. Austin's opinion. Accordingly, the ALJ did not err in his evaluation of Dr. Austin's opinions.

### 2. *J. Loch Trimingham, M.D.*

J. Loch Trimingham, M.D., started treating Plaintiff for bilateral foot complaints on September 1, 1995. Tr. 389. Plaintiff argues that the ALJ ignored Dr. Trimingham's opinion that Plaintiff was "unable to stand for more than 1 [one] hour at the maximum due to bilateral heal pain" (Tr. 388), and was "still unable to work because of her bilateral foot symptoms." (Tr. 385).

The record reveals that any limitation discussed in Dr. Trimingham's opinions was meant to be a temporary limitation. For example, in the same note where Dr.

REPORT AND RECOMMENDATION
PAGE - 7

1  Trimingham comments on Plaintiff's inability to stand for one hour, he states that
2  "[h]opefully, in the future, the problem will resolve and she will be able to return" to her
3  previous job as bank teller. Tr. 388. Dr. Trimingham's other medical notes and
4  evaluations also convey his belief and expectation that Plaintiff will recover. Tr. 370,
5  372, 377. Moreover, in his August 20, 1996, evaluation, Dr. Timingham agreed with the
6  independent medical evaluation conducted by R. Milton Schayes, M.D., who found that
7  Plaintiff would be limited in her ability to stand on her feet for extended periods of time
8  and would be relegated to sedentary work. Tr. 25-26, 442. Accordingly, the ALJ
9  properly considered the opinion of Dr. Triminigham.

*3. Patrick Delaney, M.D.*

Patrick Delaney, M.D., was treating Plaintiff for sensory distal polyneuropathy. On December 11, 1996, Dr. Delaney opined that "[i]t would be unreasonable to expect that the patient could hold meaningful employment at this time." Tr. 451. He noted that "[t]his condition tends to gradually progress with time, although it is possible that with adequate pharmacologic intervention her pain control may be adequate." *Id.* Dr. Delaney expressly stated that "[a]t this juncture I would consider her totally disabled." *Id.*

In evaluating Dr. Delaney's opinion, the ALJ took notice of Dr. Delaney's statement that Plaintiff's condition could improve with medication. Tr. 30. The ALJ also noted the possibility that Dr. Delaney's opinion regarding Plaintiff's total disability may have referred only to her inability to perform her past work. *Id.*

Plaintiff assigns error to the ALJ's evaluation of Dr. Delaney's December 1996 statement, arguing that the ALJ erroneously focused on the possibility that Plaintiff may improve and ignored Dr. Delaney statement that such conditions tend to gradually

progress.  Plaintiff also argues that the ALJ improperly speculated as to the intended meaning of Dr. Delaney's statement that Plaintiff is totally disabled.

The Court need not speculate as to Dr. Delaney's intended meaning because the later medical evidence provided by Dr. Delaney shows improvement in Plaintiff's condition.  Tr. 499-511.  With the exception of the July, 1998, physical examination where Dr. Delaney noted that Plaintiff was experiencing increased pain (Tr. 509), all the medical evaluations between January, 1998, and March, 2000, reveal that Plaintiff was doing well with her medication regimen.  In fact, by March 6, 2000, Dr. Delaney noted that Plaintiff's "physical examination today remains entirely normal with no nystagmus or dysmetria."  Tr. 499.  Accordingly, the ALJ did not err in his evaluation of Dr. Delaney's opinion.

**B.     New Evidence**

Plaintiff argues that the Social Security Administration's Appeals Council neglected new and relevant evidence that she submitted to the Appeals Council after the ALJ's denial of her claim.  The new evidence was a form completed by Dr. Austin in 2002 in which he opined that Plaintiff was not even capable of doing full-time sedentary work.  Tr. 617-23.  In denying Plaintiff's request for review, the Appeals Council informed Plaintiff that it considered the additional evidence and concluded that it did not provide a basis for changing the ALJ's decision.  Tr. 10-12.

Even though the Courts are without jurisdiction to consider an Appeals Council's denial of review, *see* 20 C.F.R. § 404.972, a reviewing court may consider new evidence submitted to the Appeals Council in determining whether the ALJ's decision is supported by substantial evidence and is free from legal error, *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993).  Evidence that was not before the ALJ may not lead

to a reversal of the ALJ's decision for payment of benefits. *See Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000). Rather, the new evidence should only be reviewed to decide whether a remand is necessary to allow the ALJ to consider the new evidence. *See Matthews v. Apfel*, 239 F.3d 589, 591-95 (9th Cir. 2001). It is appropriate for an ALJ to reject a contradicted retrospective diagnosis in light of evidence that is contemporaneous with the disability period in question. *See Magallanes*, 881 F.2d at 754.

Here, Dr. Austin's diagnosis of total disability is inconsistent with his own statements (see discussion above). It is also inconsistent with the other medical opinions on record. Accordingly, the Court finds to reason for remand on the basis of this new evidence.

## VIII. CONCLUSION

The Commissioner's determination to deny Plaintiff DIB benefits is supported by substantial evidence and is free of legal error. Based on the record evidence, the undersigned recommends that the Commissioner's decision be AFFIRMED.

DATED this 1st day of September, 2005.

*[signature]*

MONICA J. BENTON
United States Magistrate Judge